UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CENTRAL RABBINICAL CONGRESS OF THE USA &
CANADA, AGUDATH ISRAEL OF AMERICA,
INTERNATIONAL BRIS ASSOCIATION, RABBI
SAMUEL BLUM, RABBI AHARON LEIMAN, and
RABBI SHLOIME EICHENSTEIN,

             Plaintiffs,

   -against-

NEW YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE, NEW YORK CITY BOARD OF
HEALTH, and DR. THOMAS FARLEY in his official
capacity as Commissioner of the New York City
Department of Health and Mental Hygiene,

             Defendants.

------------------------------------------------------------------------ x

**ANSWER**

12 Civ. 7590 (NRB)

ECF Case

   Defendants, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE ("DOHMH"), NEW YORK CITY BOARD OF HEALTH, and DR. THOMAS FARLEY, in his official capacity as Commissioner of DOHMH, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated October 11, 2012 ("complaint"), respectfully allege as follows:

   1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admit that circumcision is a Jewish religious ritual.

   2.  Deny the allegations set forth in paragraph "2" of the complaint and respectfully refer the Court to New York City Health Code § 181.21 for its complete text and true content.

3. Deny the allegations set forth in paragraphs "3" and "4" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

4. Deny the allegations set forth in paragraph "5" of the complaint, except admit that this Court has jurisdiction over plaintiffs' claims.

5. Deny the allegations set forth in paragraphs "6," "7," and "8" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set fort in paragraphs "9," "10," "11," "12," "13," and "14" of the complaint.

7. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

8. Deny the allegations set forth in paragraph "16" of the complaint, except admit that DOHMH proposed Health Code § 181.21 and that DOHMH will have responsibility for the enforcement of New York City Health Code § 181.21, and respectfully refer the Court to Chapter 22 of the New York City Charter for a complete description of the jurisdiction of DOHMH.

9. Deny the allegations set forth in paragraph "17" of the complaint, except admit that the New York City Board of Health adopted Health Code § 181.21, and respectfully refer the Court to New York City Charter § 558 for a description of the jurisdiction of the New York City Board of Health.

10. Deny the allegations set forth in paragraph "18" of the complaint, except admit that defendant Dr. Thomas Farley, is the New York City Health Commissioner, and respectfully refer the Court to Chapter 22 of the New York City Charter for a description of the duties and responsibilities of the Commissioner of Health.

11. Deny the allegations set forth in paragraph "19" of the complaint, except admit a justiciable controversy exists between plaintiffs and defendants.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "20" and "21" of the complaint, except admit that circumcision of male infants is a Jewish ritual and that the ritual practiced in some Jewish communities involves direct oral suction during the circumcision.

13. Deny the allegations set forth in paragraph "22" of the complaint.

14. Deny the allegations set forth in paragraph "23" of the complaint, except admit that in June 2012, DOHMH published notice of a public hearing on the proposed amendment to Article 181 of the New York City Health Code, § 181.21, and respectfully refer the Court to the Notice of Public Hearing and Proposed Rule for its complete text and true meaning thereof.

15. Deny the allegations set forth in paragraph "24" of the complaint, and respectfully refer the Court to the cited article for its complete text and true meaning thereof.

16. Deny the allegations set forth in paragraph "25" of the complaint, and respectfully refer the Court to the text of the adopted provision of Health Code § 181.21 for its complete text and true content.

17. Admit the allegations set forth in paragraph "26" of the complaint and respectfully refer the Court to the final published Health Code § 181.21 for its complete text and true meaning thereof.

18. Deny the allegations set forth in paragraphs "27" and "28" of the complaint, and respectfully refer the Court to the final published Health Code § 181.21 for its complete text and true meaning thereof.

19. Deny the allegations set forth in paragraph "29" of the complaint, except admit that Notice of Adoption of Health Code § 181.21 was officially published in the *City Record* on September 21, 2012, and in accordance with the New York City Administrative Procedure Act, would have gone into effect on October 21, 2012 but for the temporary agreement entered into between plaintiffs and defendants consenting to stay enforcement of the rule pending oral argument on plaintiffs' motion for a preliminary injunction.

20. Deny the allegations set forth in paragraph "30" of the complaint, except admit that DOHMH has published and distributed letters, pamphlets, brochures, and material describing the health risks in direct oral suction during circumcision and urging that the practice be avoided and aver that such statements and documents have been published by DOHMH since 2005.

21. Deny the allegations set forth in paragraph "31" of the complaint and respectfully refer the Court to the record of the promulgation of Health Code § 181.21 for its complete content, and to the June 8, 2012 *CDC Morbidity and Mortality Weekly Report ("MMWR")*, "Neonatal Herpes Simplex Virus Infection Following Ritual Jewish Circumcisions that Included Direct Orogenital Suction – New York City, 2000 – 2011," for its complete text and true meaning thereof.

22. Deny the allegations set forth in paragraphs "32," "33," "34," "35," and "36" of the complaint.

23. For their response to paragraph "37" of the complaint, defendants repeat and restate their responses to paragraphs "1" through "36" of the complaint as if fully set forth herein.

24. Deny the allegations set forth in paragraphs "38," "39," "40," "41," "42," "43," "44," "45," "46," and "47" of the complaint.

25. For their response to paragraph "48" of the complaint, defendants repeat and restate their responses to paragraphs "1" through "47" of the complaint as if fully set forth herein.

26. Neither admit nor deny the allegations set forth in paragraphs "49" and "50" of the complaint as they contain legal argument for which no response is required; in the event that this Court requires a response, deny the allegations.

27. Deny the allegations set forth in paragraph "51" of the complaint.

28. Deny the allegations set forth in paragraph "52" of the complaint and respectfully refer the Court to the cited documents for the complete text and true meaning thereof.

29. Deny the allegations set forth in paragraphs "53," "54," and "55" of the complaint.

30. For their response to paragraph "56" of the complaint, defendants repeat and restate their responses to paragraphs "1" through "55" of the complaint as if fully set forth herein.

31. Deny the allegations set forth in paragraphs "57" and "58" of the complaint.

32. For their response to paragraph "59" of the complaint, defendants repeat and restate their responses to paragraphs "1" through "58" of the complaint as if fully set forth herein.

33. Neither admit nor deny the allegations set forth in paragraphs "60" and "61" of the complaint as they contain legal argument for which no response is required; in the event that this Court requires a response, deny the allegations.

34. Deny the allegations set forth in paragraphs "62," "63," "64," and "65" of the complaint.

### AS AND FOR A FIRST DEFENSE:

35. The Complaint should be dismissed as it fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

36. Health Code § 181.21 is lawful and does not subject plaintiffs to a deprivation of any of their rights under the First Amendment of the Constitution of the United States or the Constitution of the State of New York, and does not violate any of plaintiffs rights existing thereunder.

### AS AND FOR A THIRD DEFENSE:

37. Some or all of the plaintiffs lack standing to assert some or all of the claims set forth in the complaint.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, along with costs and disbursements, together with such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 24, 2012

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, 5th Floor
        New York, NY  10007
        (212) 788-0758

By: _/s/ Michelle Goldberg-Cahn_
    MICHELLE GOLDBERG-CAHN
    Assistant Corporation Counsel